JS 44 – CAND (Rev 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO )

## I.(a) PLAINTIFFS

Ailepata Luafau, individually and on behalf of all others similarly situated,

## DEFENDANTS

Affiliated Computer Services Inc. and ACS Educations Services Inc., and Does one through twenty-five, inclusive

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

Maricopa County, AZ

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Dallas County, TX

**(c)** ATTORNEYS (FIRM NAME ADDRESS AND TELEPHONE NUMBER)

Bailey Pinney PC 1498 SE Tech Ctr Ste. 290 Vancouver WA 98683

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

☐1 U.S. Government Plaintiff

☐2 U.S. Government Defendant

☐3 Federal Question (U S Government Not a Party)

☒4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF
(For diversity cases only)                           AND ONE BOX FOR DEFENDANT

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☒2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☒5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN 'X' IN ONE BOX ONLY)

☒ Original Proceeding

☐ Removed from State Court

☐ Remanded from Appellate Court

☐ Reinstated or Reopened

☐ Transferred from Another district (specify)

☐ Multidistrict Litigation

☐ Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance<br>☐120 Marine<br>☐130 Miller Act<br>☐140 Negotiable Instrument<br>☐150 Recovery of Overpayment & Enforcement of Judgment<br>☐151 Medicare Act<br>☐152 Recovery of Defaulted Student Loans (Excl Veterans)<br>☐153 Recovery of Overpayment of Veteran's Benefits<br>☐160 Stockholders Suits<br>☐190 Other Contract<br>☐195 Contract Product Liability<br>☐196 Franchise | **PERSONAL INJURY**<br>☐310 Airplane<br>☐315 Airplane Product Liability<br>☐320 Assault Libel & Slander<br>☐330 Federal Employers Liability<br>☐340 Marine<br>☐345 Marine Product Liability<br>☐350 Motor Vehicle<br>☐355 Motor Vehicle Product Liability<br>☐360 Other Personal Injury | **PERSONAL INJURY**<br>☐362 Personal Injury Med Malpractice<br>☐365 Personal Injury Product Liability<br>☐368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐370 Other Fraud<br>☐371 Truth in Lending<br>☐380 Other Personal Property Damage<br>☐385 Property Damage Product Liability | ☐610 Agriculture<br>☐620 Other Food & Drug<br>☐625 Drug Related Seizure of Property 21 USC 881<br>☐630 Liquor Laws<br>☐640 RR & Truck<br>☐650 Airline Regs<br>☐660 Occupational Safety/Health<br>☐690 Other<br>**LABOR**<br>☐710 Fair Labor Standards Act<br>☐720 Labor/Mgmt Relations<br>☐730 Labor/Mgmt Reporting & Disclosure Act<br>☐740 Railway Labor Act<br>☒790 Other Labor Litigation<br>☐791 Empl.Ret. Inc. Security Act | ☐422 Appeal 28 USC 158<br>☐423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐820 Copyrights<br>☐830 Patent<br>☐840 Trademark<br>**SOCIAL SECURITY**<br>☐861 HIA (1395ff)<br>☐862 Black Lung (923)<br>☐863 DIWC/DIWW (405(g))<br>☐864 SSID Title XVI<br>☐865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐870 Taxes (US Plaintiff or Defendant)<br>☐871 IRS - Third Party 26 USC 7609 | ☐400 State Reapportionment<br>☐410 Antitrust<br>☐430 Banks and Banking<br>☐450 Commerce/ICC Rates/etc.<br>☐460 Deportation<br>☐470 Racketeer Influenced and Corrupt Organizations<br>☐810 Selective Service<br>☐850 Securities/Commodities/Exchange<br>☐875 Customer Challenge 12 USC 3410<br>☐891 Agricultural Acts<br>☐892 Economic Stabilization Act<br>☐893 Environmental Matters<br>☐894 Energy Allocation Act<br>☐895 Freedom of Information Act<br>☐900 Appeal of Fee Determination Under Equal Access to Justice<br>☐950 Constitutionality of State Statutes<br>☐890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐210 Land Condemnation<br>☐220 Foreclosure<br>☐230 Rent Lease & Ejectment<br>☐240 Torts to Land<br>☐245 Tort Product Liability<br>☐290 All Other Real Property | ☐441 Voting<br>☐442 Employment<br>☐443 Housing<br>☐444 Welfare<br>☐440 Other Civil Rights<br>☐445 Amer w/ disab - Empl<br>☐446 Amer w/ disab - Other<br>☐480 Consumer Credit<br>☐490 Cable/Satellite TV | ☐510 Motion to Vacate Sentence Habeas Corpus:<br>☐530 General<br>☐535 Death Penalty<br>☐540 Mandamus & Other<br>☐550 Civil Rights<br>☐555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

U.S.C. 1332; Failure to Provide Rest & Meal Periods; Failure to Timely Pay Wages; Failure to Pay Overtime and Minimum Wages;
Breach of Contract; Quantum Meruit; Bus & Prof Code Sec 17200 et seq; 500,000,000 +

## VII. REQUESTED IN COMPLAINT: ☒ CHECK IF THIS IS A CLASS ACTION

DEMAND $_____ ☐CHECK YES only if demanded in complaint:

UNDER F.R.C.P. 23                                          JURY DEMAND:☒ YES ☐ NO

## VIII. RELATED CASE(S)   PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
IF ANY                         "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)     ☒ SAN FRANCISCO/OAKLAND     ☐ SAN JOSE

DATE

1/17/06

SIGNATURE OF ATTORNEY OF RECORD



**Bailey Pinney PC**
1498 SE Tech Center Place, Suite 290
Vancouver, Washington 98683
Telephone: (800) 882-8351
Fax: (360) 567-331
**Bonnie R. Mac Farlane** , CA Bar No. 161526
bmacfarlane@wagelawyer.com
Attorney for Plaintiff Ailepata Luafau

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Ailepata Luafau**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**Affiliated Computer Services, Inc.** and **ACS Education Services, Inc.,** and Does One through Twenty-Five, inclusive,<br><br>Defendants. | Case No. C 06 0347 CW<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br>1. FAILURE TO PROVIDE  REST PERIODS;<br>2. FAILURE TO PROVIDE MEAL PERIODS;<br>3. FAILURE TO TIMELY PAY WAGES- (LATE PAY PENALTY);<br>4. FAILURE TO PAY MINIMUM WAGES;<br>5. FAILURE TO PAY OVERTIME WAGES;<br>6. BREACH OF CONTRACT;<br>7. CONVERSION OF WAGES;<br>8. QUANTUM MERUIT;<br>9. UNLAWFUL BUSINESS PRACTICES PURSUANT TO BUSINESS AND PROFESSIONS CODE § 17200:<br><br>[28 U.S.C. § 1332 et seq.; Federal Rule of Civil Procedure 23, et seq.; California Labor Code §§ 200, 201, 202, 203, 218.5, 218.6, 226, 226.7,  510, 512, 516, 1194, 1197; California Civil Code §§ 1550, 3336, 3337, 3294; California Industrial Wage Commission Wage Orders 4-2001, 7-2001; California Business and Professions Code § 17200, et seq.]<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

1

1   Plaintiff, Ailepata Luafau, individually and on behalf of all others similarly situated, for her

2   complaint against Defendants, Affiliated Computer Services, Inc. and ACS Education Services, Inc.,

3   (Collectively "ACS") alleges upon information and belief as follows:

4   I.   **PRELIMINARY STATEMENT**

5   1.   Plaintiff, Ailepata Luafau, files this action to recover wages, penalty wages, punitive

6   damages, and liquidated damages for all present and former employees of ACS for ACS' actions in

7   failing to provide rest and meal periods and for failing to timely pay wages at the termination of her

8   employment.

9   2.   ACS is a Fortune 500 corporation with an annual revenue of $5 billion. ACS provides

10   business process and information technology solutions for commercial and governmental entities.

11   ACS delivers to its customers business process outsourcing, information technology outsourcing, and

12   systems and integration services, including servicing education loans to students. ACS advertises on

13   its website that ACS' philosophy is "Can do". [1]

14   3.   In order to do whatever it takes to get the job done, ACS works their employees

15   without providing the rest and meal periods required by California law, and ACS does not pay their

16   employees their wages when due under California law. Pursuant to California's strong policy of

17   assuring employees are timely paid and timely receive appropriate rest and meal periods, Plaintiff

18   seeks appropriate recoveries including costs of suit, attorneys fees, interest, and other relief the court

19   deems necessary.

20   4.   Plaintiff was an hourly employee of the Defendants who worked for the Defendants in

21   California approximately from December 2, 2002 to April 22, 2005. Plaintiff was a good employee for

22   the Defendants and satisfactorily performed the services required of her during her employment.

23   However, during the Plaintiff's employment, her employer, ACS did not do its duty to provide her rest

24   and meal periods in compliance with California law, nor did ACS pay her wages in a timely manner as

25   required by California law. Plaintiff processed loans for ACS. Plaintiff and her coworkers were

26   required to handle up to 3,000 accounts in one 8 hour workday. ACS had a quota requiring 99 %

27

28   [1] Http://www.acs-inc.com/about/philosophy.html © 2005 Affiliated Computer Services, Inc.

accuracy from Plaintiff and others similarly situated. Plaintiff felt a lot of pressure to constantly work for the Defendant. The workers used to tease each other saying that working for ACS was like being in "a cell block". Plaintiff's time records clearly show that ACS would often provide a lunch period after the time allowed by California law and/or provide a lunch period that was less than 30 minutes as required by California law. Often, ACS provided a lunch so late, that Plaintiff rarely, if ever, took an afternoon break. Defendants also changed the paydays several times, causing Plaintiff to wait to receive her wages during her employment and making it difficult for Plaintiff to provide for her family and pay her bills. Plaintiff is unsure if she was being paid correctly because of the changing paydays. Plaintiff gave notice to terminate her employment, and the Defendant then fired her before her notice period had expired. Defendants failed to pay her last paycheck until after the time required by California law. Plaintiff's last day of work was on April 21, 2005. On or about May 5, 2005, ACS paid monies to Plaintiff with a check and her final pay was deposited directly into her bank account on May 10, 2005. The monies deposited into the bank account were not accompanied by an itemized statement.

## II.   PARTIES

5.     At all material times, Plaintiff and all others similarly situated are past and current employees of Defendants, in the State of California, and are subject to California State wage and hour provisions.

6.     Defendants, at all material times herein, are doing business as "Affiliated Computer Services, Inc." and "ACS Education Services, Inc." in the State of California.

7.     Plaintiff, Ailepata Luafau, at the time of filing this complaint, is an individual who resides in Phoenix, Arizona and who is a citizen of the State of Arizona.

8.     Plaintiff, Ailepata Luafau, at all times relevant herein was a resident of San Diego, California, and was a citizen of the State of California at the time of her allegations against the Defendants.

9.     Defendant, Affiliated Computer Services, Inc., is a company organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Texas.

/// /// ///

Class Action Complaint

10.    Defendant, ACS Education Services, Inc., is a company organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Texas.

11.    The true names and capacities of Defendants, DOES One through Twenty-five, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to insert the true names and capacities of said fictitiously named Defendant when the same have been ascertained.

12.    Plaintiff is informed and believe, and thereon alleges, that at all relevant times herein mentioned, each Defendant was the agent, representative, principal, servant, employee, partner, alter ego, joint venture, successor-in-interest, assistant, and/or consultant of each and every remaining Defendant, and as such, was at all times acting within the course, scope, purpose and authority of said agency, partnership and/or employment, and with the express or implied knowledge, permission, authority, approval, ratification and consent of the remaining Defendants and each Defendant was responsible for the acts alleged herein, were "employers" as set forth by California law, and all Defendants herein were also negligent and reckless in the selection, hiring, and supervision of each and every other Defendant as an agent, representative, principal, servant, employee, partner, alter ego, joint venture, successor-in-interest, assistant, and/or consultant.

### III.    JURISDICTION

13.    This is an action under 28 U.S.C. § 1332 (d)(2) to recover wages, statutory damages, liquidated damages, and exemplary damages for current and former employees of Defendants, Affiliated Computer Services, Inc. and ACS Education Services, Inc. (Hereinafter, "ACS") who are/were hourly employees in California. The amount in controversy exceeds $5,000,000.00 exclusive of interest and costs. The class will exceed 100 members. Further, Plaintiff is diverse from ACS.

### IV.    VENUE AND INTRADISTRICT ASSIGNMENT

14.    Venue is proper in this court pursuant to 28 U.S.C. § 1391 (a) because this court has personal jurisdiction over Defendants which: (1) conduct business in the State of California, including the City of San Francisco, (2) hire and maintain employees in the State of California, including the City of San Francisco, and (3) avail themselves of the protection of the laws of the State of California. /// /// ///

15.     This lawsuit is not based on any facts that warrant assignment to a division in this district other than Defendants maintain a business office in the city of San Francisco. Plaintiff requests assignment to the Oakland division.

## V.     **CLASS ACTION ALLEGATIONS**

16.     Plaintiff brings this action as a class action to recover statutory damages and monies due and owing for all current and former employees of Defendants for Defendants' failure to provide rest and meal periods pursuant to California law and failure to timely pay wages.

17.     Plaintiff prosecutes this Complaint pursuant to Rule 23(a), (b)(1), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of current and former employees. Common questions of fact and law exist as to all class members and predominate over any questions that affect only individual class members. The conduct at issue in this case affected Plaintiff and all purported class members. Based on information and belief, the members of the class exceeds 100 persons, and that number will increase depending upon employee turnover.

18.     ACS failed to provide rest and meal breaks as required by California law.

19.     When Plaintiff, and other similarly situated employees, employments were terminated with ACS, ACS failed to make immediate payment of all wages due and owing as required by California law.

20.     ACS' actions in failing to provide breaks and meals and failing to pay all monies due and earned upon termination of employment pursuant to California law was willful.

21.     ACS is required to provide to Plaintiff and others similarly situated rest periods. Pursuant to California law, ACS is required to provide an uninterrupted duty-free 10 minute rest period for every four hours worked or major fraction thereof.

22.     ACS failed to provide Plaintiff and others similarly situated rest periods in compliance with California law.

23.     ACS is required to provide Plaintiff and others similarly situated meal periods. Pursuant to California law, ACS is required to provide an uninterrupted duty-free 30 minute meal period after 5 hours of work per day, and ACS is required to provide a second uninterrupted duty-free 30 minute meal period after 10 hours of work per day.

Class Action Complaint

24.     ACS failed to provide to Plaintiff, and others similarly situated meal periods in compliance with California law.

25.     Because ACS required Plaintiff and others similarly situated to work instead of providing rest and meal periods, Plaintiff and others similarly situated are owed wages and penalty wages pursuant to California law, including but not limited to, California Labor Code §§ 226.7 and 203.

26.     Because ACS required Plaintiff and others similarly situated to work instead of providing rest and meal periods, Plaintiff and others similarly situated worked hours for which ACS did not compensate them at the minimum rate of pay for all hours worked.  In so doing, ACS violated the requirements of California law and owes Plaintiff and others similarly situated minimum wages and liquidated damages for the uncompensated work.

27.     Because ACS required Plaintiff and others similarly situated to work instead of providing rest and meal periods, Plaintiff and others similarly situated worked hours for which ACS did not compensate them at the premium rate of pay for all hours worked over 8 per day or 40 per week.  In so doing, ACS violated the requirements of California law and owes Plaintiff and others similarly situated overtime wages for the uncompensated work.

28.     ACS entered into a contract with Plaintiff and others similarly situated whereby Plaintiff agreed to work for ACS and ACS agreed to pay wages and comply with California wage and hour law. " The object of a contract must be lawful when the contract is made, and possible and ascertainable by the time the contract is to be performed." California Civil Code § 1596.  ACS breached this contract because ACS failed to timely pay wages and required Plaintiff and others similarly situated to work instead of providing rest and meal periods.  In so doing, ACS caused harm to Plaintiff and others similarly situated by failing to pay.  Plaintiff and others similarly situated are owed wages and damages including but not limited to liquidated damages.

29.     Because ACS failed to timely pay wages and required Plaintiff and others similarly situated to work instead of providing rest and meal periods without paying compensation for those hours worked, ACS committed the act of conversion over the property (unpaid wages) of Plaintiff and others similarly situated.  In refusing to pay wages to Plaintiff, as alleged herein, ACS unlawfully and intentionally took and converted the property of the Plaintiff to its own use.  At the time the conversion

Class Action Complaint

1  took place, Plaintiff was entitled to immediate possession of the amounts of wages payable. ACS'
2  conversion was oppressive, malicious, and fraudulent. In so doing, ACS owes Plaintiff and others
3  similarly situated the value of the property (unpaid wages) at the time of the conversion, interest from
4  that time, and fair compensation for the time and money properly expended in pursuit of the property
5  (unpaid wages) pursuant to California law, including but not limited to California Civil Code §§3336
6  and 3337. Plaintiff seeks all wages, interest, and related sums wrongfully converted by ACS, and
7  Plaintiff seeks exemplary damages pursuant to California law, including but not limited to California
8  Civil Code § 3294.

9       30. Because ACS required Plaintiff and others similarly situated to work instead of providing
10  rest and meal periods without paying compensation for those hours worked, ACS was unjustly
11  enriched. ACS requested by words and/or conduct that Plaintiff and others similarly situated provide
12  services instead of taking their rest and meal periods. Plaintiff and others similarly situated benefitted
13  ACS by providing services to ACS. Plaintiff and others similarly situated performed services as ACS
14  requested. ACS has not paid for the services that Plaintiff and others similarly situated performed
15  instead of receiving rest and meal periods. Plaintiff seeks the reasonable value of the services that were
16  provided to ACS.

17       31. ACS'S actions, detailed herein, were part of a statewide and/or nationwide corporate
18  plan and scheme which affected all employees who worked for ACS. As a direct and proximate result
19  of ACS' illegal, company-wide plan, practice and scheme, the Plaintiff (1) was required to work through
20  mandatory rest and meal periods required by California law, (2) was not compensated for the
21  unprovided rest and meal periods, (3) was not paid her wages on time, and (4) was victimized by ACS'
22  policies and practices set forth herein. Plaintiff and other similarly situated employees are entitled to
23  recover monies for the unprovided rest and meal periods including but not limited to wages, penalty
24  wages, minimum wages, and "overtime" and/or "premium" wages pursuant to California law. Plaintiff
25  is entitled to request injunctive relief. Also, Plaintiff and other similarly situated employees are entitled
26  to recover appropriate reasonable attorneys' fees, costs and interest.

27       31. **DEFINITION OF CLASS** - Plaintiff seek class certification as follows, pursuant to
28  Rule 23(a), (b)(1), and (b)(3) of the Federal Rules of Civil Procedure.

Class Action Complaint

A.   **UNPAID REST PERIOD PENALTY CLASS** - Within the applicable time period prior to the filing of this complaint up through and including the present date through adjudication, for the Plaintiff and all similarly situated class members who worked for ACS, and who did not receive required rest periods as required by California law.

B.   **UNPAID MEAL PERIOD PENALTY CLASS** – Within the applicable time period prior to the filing of this complaint up through and including the present date through adjudication, for the Plaintiff and all similarly situated class members who worked for ACS, and who did not receive required meal periods as required by California law.

C.   **LATE PAYMENT CLASS** - Within the applicable time period prior to the filing of this action up through and including the present date through adjudication, for Plaintiff and all similarly situated class members whose employment with ACS ended, who did not receive all wages when due as required by California law.

D.   **MINIMUM WAGE CLASS** - Within the applicable time period prior to the filing of this complaint up through and including the present date through adjudication, for the Plaintiff and all similarly situated class members who worked for ACS, who did not receive rest and meal periods and were not paid wages at the minimum wage for all hours worked during the rest and meal periods that should have been provided.

E.   **OVERTIME CLASS** - Within the applicable time period prior to the filing of this complaint up through and including the present date through adjudication, for the Plaintiff and all similarly situated class members who worked for ACS instead of receiving the rest and meal periods that should have been provided, and who were not paid at the applicable premium rate for all hours worked in excess of the statutory maximum hours per day, and in excess of the statutory maximum hours per week.

F.  **BREACH OF CONTRACT CLASS** -  For Plaintiff, and all similarly situated class members, who worked for ACS, within the applicable time period prior to the filing of this action up through and including the present date through adjudication, and who were promised, as a condition of employment, that ACS would timely pay wages and provide Plaintiff and similarly situated class members rest and meal periods, and whose wages were not timely paid and whose rest and meal periods were not provided by ACS.

G.  **CONVERSION CLASS** – Within three years prior to the filing of this action up through and including the present date through adjudication, for the Plaintiff, and all similarly situated class members, who worked for ACS, and whose wages were converted by ACS' actions in failing to timely pay wages and failing to provide rest and meal periods as required by contract and by California law.

H.  **QUANTUM MERUIT CLASS** – Within the applicable time period prior to the filing of this action up through and including the present date through adjudication, for the Plaintiff, and all similarly situated class members, who were requested to provide services to ACS and who provided services to ACS without receiving compensation.  ACS is unjustly enriched for taking these services without compensating the Plaintiff and others similarly situated.

I.  **BUSINESS AND PROFESSIONS CLASS** – Within four years prior to the filing of this action up through and including the present date through adjudication, for the Plaintiff, and all similarly situated class members, who were paid late wages and who were required to work through mandatory rest and meal periods, and who are owed monies for receiving late wages and for working through mandatory rest and meal periods.

32.  **NUMEROSITY** - Based on information and belief, the members of the State wage and hour class exceeds 100 persons.  This number may increase, depending upon the turnover rate for employees over the applicable statutory period prior to the filing of this complaint.

/// /// ///

Class Action Complaint

33. **QUESTIONS OF LAW AND FACT** - Common questions of fact and law exists as to all class and subclass members and predominate over any questions that affect only individual class members. The conduct at issue in this case affected all former ACS employees. Common questions include:

A. Whether Plaintiff and class members are subject to California State wage and hour statutes.

B. Whether ACS failed to provide Plaintiff and similarly situated class members rest periods as required by California State wage and hour statutes.

C. Whether ACS failed to provide Plaintiff and similarly situated class members meal periods as required by California State wage and hour statutes.

D. Whether ACS' failure to provide rest and/or meal periods entitles Plaintiff and minimum wage class members to minimum wages and liquidated damages.

D. Whether ACS' failure to provide rest and/or meal periods caused Plaintiff and overtime class members to work over 8 hours per day and/or to work hours over 40 hours per week entitling Plaintiff and similarly situated class members with overtime.

E. Whether ACS entered into a contract with Plaintiff and similarly situated class members whereby ACS promised to provide rest and meal periods.

F. Whether ACS entered into a contract with Plaintiff and similarly situated class members whereby ACS promised to timely pay wages to Plaintiff and similarly situated class members at the termination of employment.

G. Whether ACS failed to pay Plaintiff and similarly situated class members all wages after termination of their employment when those wages were due.

H. Whether ACS converted property (unpaid wages) by failing to timely pay wages and by failing to compensate Plaintiff and others similarly situated for unprovided rest and meal periods.

I. Whether ACS was unjustly enriched by Plaintiff and similarly situated class members providing services to ACS instead of receiving rest and meal periods.

Class Action Complaint

1  J.  Which remedies are available for the violations of State wage and hour laws.

2  K.  Which remedies are available for breach of contract.

3  L.  Which remedies are available for conversion.

4  M.  What remedies are available for unjust enrichment.

5  N.  What are the statute of limitations for each claim for relief, and does tolling of

6  the statute of limitations apply to the time Plaintiff attempted to pursue her

7  claims with the State of California, Department of Labor Standards and

8  Enforcement.

9  34. **TYPICALITY** - The claims of the named Plaintiff are typical of the claims of the

10 members of the wage and hour class in that:

11  A.  Plaintiff is a member of the class.

12  B.  Plaintiff's claims stem from the same practice or course of conduct that forms the

13  basis of the class.

14  C.  Plaintiff's claims are based upon the same legal and remedial theories as those of

15  the class and involve similar factual circumstances.

16  D.  There is no antagonism between the interests of the named Plaintiff and absent

17  class members.

18  E.  The injuries which Plaintiff suffered are similar to the injuries which class

19  members have suffered.

20  35. **REPRESENTATION BY PLAINTIFF** - The named Plaintiff will fairly and

21 adequately represent the class in that:

22  A.  There is no conflict between his claim and those of other class and subclass

23  members.

24  B.  Plaintiff has retained counsel who are skilled and experienced in wage and hour

25  cases and in class actions and who will vigorously prosecute this litigation.

26  C.  Plaintiff's claims are typical of the claims of class members.

27 /// /// ///

28 /// /// ///

Class Action Complaint

36.   **CERTIFICATION** - of Plaintiff's claims is appropriate because:

    A.    Common questions of law or fact predominate over questions affecting only individual members.

    B.    The forum is convenient to the parties, class members, and potential witnesses; the class is specifically identifiable to facilitate provision of adequate notice; and there will be no significant problems managing this case as a class action.

    C.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual class members have minimal interest in controlling the prosecution of separate actions.

## VI.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(Failure to Provide Rest Periods:  Cal. Lab. Code §§ 226.7 and 516)**

37.   Plaintiff incorporates the allegations contained in paragraphs 1- 36 as though fully set forth herein.

38.   At all times material herein, Plaintiff and others similarly situated were employed by Defendants.

39.   The California Labor Code and the IWC provides for minimum employment conditions to be followed by all employers within the State of California.  California law, including but not limited to, Cal. Lab. Code §§ 226.7, 516, and IWC wage orders including but not limited to IWC wage order 4-2001 requires that employees receive a paid rest break of not less than ten (10) minutes for each period of four hours worked.

40.   Within the applicable time period prior to the filing of this complaint up through and including the present date through adjudication, Defendants failed to provide Plaintiff and others similarly situated uninterrupted rest periods of not less that 10 minutes when and as required all in violation of California and failed to pay Plaintiff and others similarly situated for those rest periods not provided including civil penalty wages pursuant to California Labor Code §§ 226.7 and 203.

41.   Plaintiff and others similarly situated seek unpaid wages and penalty wages, for the time period allowed by law, plus costs, interest, disbursements and attorneys fees pursuant to California law,

1 | including but not limited to Cal. Lab. Code §§ 203, 226.7, and 1194.

2 | **SECOND CLAIM FOR RELIEF**

3 | **(Failure to Provide Meal Periods:  Cal. Lab. Code §§ 226.7, 512, and 516)**

4 |     42.    Plaintiff incorporates the allegations contained in paragraphs 1- 41 as though fully set

5 | forth herein.

6 |     43.    At all times material herein, Plaintiff and others similarly situated were employed by

7 | Defendants.

8 |     44.    The California Labor Code and the IWC provides for minimum employment conditions

9 | to be followed by all employers within the State of California.  California law, including but not limited

10 | to, Cal. Lab. Code §§ 226, 512, 516, and IWC wage orders requires, in part, that employees receive an

11 | uninterrupted meal period of not less than 30 minutes for each shift over five hours.

12 |     45.    Within the applicable time period prior to the filing of this complaint up through and

13 | including the present date through adjudication,  Defendants failed to provide Plaintiff and others

14 | similarly situated with uninterrupted meal periods of not less that 30 minutes as required, and in

15 | violation of California law, including but not limited to, Cal. Lab  Code §§ 226.7, 512,  516, and IWC

16 | wage orders and failed to pay Plaintiff and others similarly situated for those meal periods not provided.

17 |     46.    As a result of defendants' failure to provide meal periods as required, Plaintiff and others

18 | similarly situated are entitled to recover wages for those rest periods that were not provided, plus

19 | penalty wages as required by California law, including but not limited to California Labor Code § 226.7

20 | and 203.

21 |     47.    Plaintiff and others similarly situated seek unpaid wages and penalty wages for the three

22 | years prior to filing of this complaint, plus costs, interest, disbursements and attorneys fees pursuant to

23 | California law, including but not limited to California Labor Code §§ 218.5, 218.6, 203, and 226.7.

24 | **THIRD CLAIM FOR RELIEF**

25 | **(Late Payment of Wages:  Cal. Lab. Code §§ 201, 202, and 203)**

26 |     48.    Plaintiff incorporates the allegations contained in paragraphs 1- 47 as though fully set

27 | forth herein.

28 |     49    At all times material herein, Plaintiff and others similarly situated were employed by

1  Defendants.

2      50.   Within the applicable time period prior to the filing of this complaint up through and

3  including the present date through adjudication, Defendants willfully failed to pay all wages to Plaintiff,

4  and other former employees, upon termination of their employment, when those wages when due,

5  which entitles Plaintiff, and other former employees to 30 days of penalty wages for each pay period

6  when wages were not paid as required by California law, including but not limited to Cal. Lab. Code §§

7  201, 202, and 203.

8      51.   Plaintiff and others similarly situated seek penalty wages for the applicable time period

9  prior to filing of this complaint, plus costs, interest, disbursements and attorneys fees pursuant to

10  California law, including but not limited to Cal. Lab. Code §§ 201, 202, 203, 218.5, 218.6, and 226.7.

11                    **FOURTH CLAIM FOR RELIEF**

12        **(Failure to Pay Minimum Wage: Cal. Lab. Code § § 512, 1194, 1194.2, and 1197)**

13      52.   Plaintiff incorporates the allegations contained in paragraphs 1- 51 as though fully set

14  forth herein.

15      53.   At all times material herein, Plaintiff and others similarly situated were employed by

16  Defendants.

17      54.   Within the applicable time period prior to filing of this complaint up through and

18  including the present date through adjudication, ACS failed to provide Plaintiff and others similarly

19  situated required rest and/or meal periods as required by California law.

20      55.   During the course of Plaintiff employment, Defendants allowed, suffered and permitted

21  Plaintiff and others similarly situated to perform work for the benefit of the Defendants instead of

22  providing rest and meal periods.

23      56.   ACS failed to compensate Plaintiff and others similarly situated for the hours of work

24  provided by Plaintiff and others similarly situated when Plaintiff and others similarly situated should

25  have been receiving rest and meal periods.

26      57.   As a result, Plaintiff and others similarly situated are entitled to minimum wages

27  pursuant to California law, including but not limited to California Labor Code §§ 500, 510 and 1194.

28  /// /// ///

Class Action Complaint

58.     Defendants' behavior in failing to pay Plaintiff and others similarly situated for all hours worked was willful, and there remain due and unpaid minimum wages in amounts to be determined.

59.     Plaintiff, on her behalf, and on behalf of others similarly situated seek as damages, minimum wages in an amount to be determined, liquidated damages, fees, and penalty wages, pursuant to California law, including but not limited to, California Labor Code §§ 203, 500 and 510, plus costs, disbursements and attorneys' fees pursuant to California law, including but not limited to, California Labor Code § 1194.

## FIFTH CLAIM FOR RELIEF

### (Failure To Pay Overtime: Cal. Lab. Code §§ 510, 512, and 1194)

60.     Plaintiff incorporates the allegations contained in paragraphs 1- 59 as though fully set forth herein.

61.     At all times material herein, Plaintiff and others similarly situated were employed by Defendants.

62.     Within the applicable time period prior to the filing of this complaint up through and including the present date through adjudication, ACS failed to provide Plaintiff and others similarly situated required rest and meal periods as required by California law.

63.     During the course of Plaintiff employment, Defendants allowed, suffered and permitted Plaintiff and others similarly situated to perform work for the benefit of the Defendants instead of providing rest and meal periods.

64.     ACS failed to compensate Plaintiff and others similarly situated for the hours of work provided by Plaintiff and others similarly situated when Plaintiff and others similarly situated should have been receiving rest and meal periods.

65.     In requiring Plaintiff and others similarly situated to work for the benefit of the Defendants instead of providing rest and meal periods, ACS allowed, suffered and permitted Plaintiff and others similarly situated to work hours in excess of the statutory maximum hours of 8 hours per day and/or 40 hours per week. As a result, Plaintiff and others similarly situated are entitled to unpaid overtime wages pursuant to California law, including but not limited to Cal. Lab. Code §§ 500, 510 and 1194.

66.     Defendant's behavior in failing to pay Plaintiff and others similarly situated for all hours worked in excess of the statutory maximum hours per day and in excess of 40 hours per week and/or 8 hours per day was willful, and there remain due and unpaid overtime wages in amounts to be determined.

67.     Plaintiff, on their behalf, and on behalf others similarly situated seek as damages, overtime wages in an amount to be determined, fees, and penalty wages, pursuant to California law, including but not limited to, Cal. Lab. Code §§ 203, 500 and 510, plus costs, disbursements and attorneys' fees pursuant to California law, including but not limited to, Cal. Lab. Code § 1194.

## SIXTH CLAIM FOR RELIEF

### (Breach of Contract)

68.     Plaintiff incorporates the allegations contained in paragraphs 1- 67 as though fully set forth herein.

69.     At all times material herein, Plaintiff and others similarly situated were employed by Defendants.

70.     When Defendants hired Plaintiff and others similarly situated, Plaintiff agreed to work for ACS and ACS agreed to pay wages and comply with California wage and hour law.  Plaintiff satisfactorily performed work for the Defendants.  Defendants breached this agreement by failing to provide rest and meal periods and to timely pay wages pursuant to California law.

71.     Within the applicable time period prior to the filing of this complaint up through and including the present date through adjudication, Defendants failed to timely pay wages which harmed Plaintiff, and others similarly situated.  ACS also harmed Plaintiff and others similarly situated by failing to provide rest and meal periods as promised.  Instead of providing rest and meal periods,  ACS required Plaintiff and others similarly situated to work hours for which they have not been compensated. Plaintiff and others similarly situated are entitled to damages for Defendants' breach of contract as provided by applicable California law.

72.     Plaintiff seeks payment of wages, including overtime wages, for the work performed by Plaintiff and others similarly situated.  Plaintiff also seeks the payment of costs, interest, and attorney's fees pursuant to California Labor Code §§ 218.5 and 218.6.

## SEVENTH CLAIM FOR RELIEF

### (Conversion of Wages)

73.    Plaintiff incorporates the allegations contained in paragraphs 1- 72 as though fully set forth herein.

74.    At all times material herein, Plaintiff and others similarly situated were employed by Defendants.

75.    Within three years prior to the filing of this complaint up through and including the present date through adjudication, ACS failed to provide Plaintiffs and others similarly situated required rest and/or meal periods as required by California law.   In lieu of providing rest and meal periods, ACS owed Plaintiffs and others similarly situated wages for the unprovided rest and meal periods.  ACS also failed to pay wages at the termination of employment to Plaintiff and others similarly situated within the time periods required by California law, and ACS owes monies to Plaintiff and others similarly situated for failing to pay wages within the time periods required by California law.

76.    At the time Plaintiff and others similarly situated provided labor instead of or during rest and meal periods, wages became due and payable to Plaintiff and others similarly situated for that labor. At the termination of the employments of Plaintiff and others similarly situated, wages were due and owing and were to be paid within the time allowed by California Labor Code § § 201, 202, and 203. The unpaid wages and penalty wages became the property of Plaintiff and others similarly situated, and Plaintiff and others similarly situated had a right to possess their property.  By failing to pay earned wages and penalty wages when due, Defendants intentionally and wrongfully obtained and held the wages earned by Plaintiff and others similarly situated.

77.    Plaintiff did not consent to Defendants' conversion of her monies and Plaintiff was harmed by Defendants' conversion of her monies.  Defendants' conversion of her monies was a substantial factor in causing Plaintiff's harm.

78.    As a result, those wages remain due and unpaid, and Plaintiff and others similarly situated seek the value of the property (unpaid wages and penalty wages) at the time of the conversion, interest from that time, and fair compensation for the time and money properly expended in pursuit of the property (unpaid wages and penalty wages) pursuant to California Civil Code §§ 3336 and 3337,

1   and Plaintiff and others similarly situated seek punitive damages pursuant to California Civil Code §

2   3294.

### EIGHTH CLAIM FOR RELIEF

#### (Quantum Meruit)

79.   Plaintiff incorporates the allegations contained in paragraphs 1- 78 as though fully set forth herein.

80.   At all times material herein, Plaintiff and others similarly situated were employed by Defendants.

81.   Within the applicable time period prior to the filing of this complaint up through and including the present date through adjudication, Plaintiff and others similarly situated provided services the Defendants without receiving compensation for those services. Defendants requested, by words and/or conduct that Plaintiff and others similarly situated perform services for the benefit of the Defendants. Plaintiff and others similarly situated performed the services as requested, and Defendants have not paid for the services.

82.   As a result, Defendants were unjustly enriched and Plaintiffs have not been compensated for the services performed for the Defendants. Wages remain due and unpaid, and Plaintiff and others similarly situated are entitled to the reasonable value of the services that were provided. Plaintiff seeks the reasonable value for the services provided to ACS during the rest and meal periods that ACS failed to provide to Plaintiff and others similarly situated.

### NINTH CLAIM FOR RELIEF

#### (Unfair Competition: Cal. Bus. & Prof. Code § 17200 et seq.)

83.   Plaintiff incorporates the allegations contained in paragraphs 1- 82 as though fully set forth herein.

84.   At all times material herein, Plaintiff and others similarly situated were employed by Defendants.

85.   Within four years prior to the filing of this complaint up through and including the present date through adjudication, ACS failed to comply with the Wage and Hour provisions of the State of California, as set forth herein.

Class Action Complaint

86.    Plaintiff, individually, and on behalf of the general public, alleges that at all relevant times ACS' actions, including, but not limited to, its violations of California Law and California Labor Code, as set forth above, constitute a continuing and ongoing unfair and unlawful activity prohibited by California Business and Professions Code § 17200, et seq., and justify restitution and/or injunctive relief. The unlawful business practices of ACS are likely to continue, mislead the public (that employees are being timely paid and are being provided rest and meal periods in accordance to the California Labor Code), and shall present a continuing threat to the public, and unfair business practice of avoiding compliance with conditions of labor and wage obligations and expense. These violations constitute a threat and unfair business policy. The Plaintiff has suffered injury in fact and has lost money or property as a result of such unfair competition. The Court is authorized to order restitution and/or an injunction as a remedy for any violations of Cal. Bus. & Prof. Code § 17200, et seq. Plaintiff alleges that ACS violated California Labor Code statutes.

87.    ACS has engaged in unfair business practices in California by utilizing the illegal employment practices outlined above, including, but not limited to, failing to provide Plaintiff rest and meal periods, and failing to compensate for sums due for labor, fees and penalties according to California Law. ACS' employment of such practices constitutes an unfair business practice, unfair competition, and provides an unfair advantage over ACS competitors. Plaintiff seeks full restitution of said monies from ACS, as necessary and according to proof, to restore any and all monies withheld, acquired, or converted by ACS by means of the unfair practices complained of herein.

88.    Plaintiff alleges that, at all relevant times, ACS has engaged unlawful, deceptive, and unfair business practices prohibited by Cal. Bus. & Prof. Code § 17200, et seq., including those set forth in the paragraphs above, thereby depriving Plaintiff and the public of the minimum working conditions and standards due them under California Labor Laws and IWC Wage Orders.

89.    **Private Attorneys General Act of 2004**:    Pursuant to the Private Attorneys General Act of 2004, California Labor Code § 2698 et seq., Plaintiff has given notice to ACS and to California Labor and Workforce Development Agency of Defendants' violations of California Labor Code sections: 201, 202, 203, 226, 226.7, 510, 512, 516, and 1194. After the notice period provided in California Labor Code § 2699.3, Plaintiff intends to amend her complaint to include civil penalties

1  provided in California law, including but not limited to California Labor Code sections: 216, 226.3,

2  558, 1197.1 and 2699.

## VIII.   PRAYER FOR RELIEF

**WHEREFORE; PLAINTIFFS demand judgment against ACS as follows:**

1. For all unpaid wages, "overtime" and/or "premium pay" wages, and minimum wages in an amount to be determined at the time of trial;

2. For all wages and other related sums converted by ACS;

3. For any and all profits, whether direct or indirect, ACS acquired by reason of its conversion, and for all remedies provided in California Civil Code §§3336 and 3337.

4. For the reasonable value of the services rendered to ACS whereby ACS was unjustly enriched.

5. Pursuant to California Business and Professions Code § 17203, that ACS be preliminarily and permanently enjoined from: a) failing to provide Plaintiff mandatory rest and meal periods; b) permitting and unlawfully allowing Plaintiff to work hours instead of providing rest and meal periods and not paying civil penalty wages; c) permitting and unlawfully allowing Plaintiff to work hours instead of receiving rest and meal periods without compensating Plaintiff; and d) failing to pay Plaintiff all wages due upon termination of employment within the time proscribed by law;

6. Pursuant to California Business and Professions Code §17203 and the equitable powers of this Court, that ACS be ordered to restore to Plaintiff all funds acquired by means of any act or practice declared by this Court to be unlawful or fraudulent or to constitute unfair competition under Business and Professions Code §17200 et seq.;

7. For restitutionary disgorgement of wages and related sums, penalty wages, attorneys' fees and all other remedies available pursuant to California Business & Professions Code § 17200, et seq.;

8. For statutory penalty wages pursuant to California Labor Code sections, including but not limited to 203, 226.7, and 510;

9. For liquidated damages pursuant to California Labor Code § 1194 and 1194.2.

Class Action Complaint

10.   For punitive and exemplary damages pursuant to California Civil Code § 3294.

11.   For costs and disbursements, pre-judgment and post-judgment interest in the amount of 10% per annum, liquidated damages, and attorney fees pursuant to California Labor Code §§ 218.5, 218.6, 1194, and 1194.2; and

12.   For such further or alternative relief in favor of Plaintiff and all class members as the Court deems appropriate.

Dated: January 17, 2006          **Bailey Pinney PC**

By _____
Bonnie R. MacFarlane, Cal. Bar No. 161526
Attorney for Plaintiff Ailepata Luafau

### JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b) and Civil Local Rule 3-6(a), Plaintiff demands a jury trial for all issues so triable.

Dated: January 17, 2006          **Bailey Pinney PC**

By _____
Bonnie R. Mac Farlane, Cal. Bar No. 161526
Attorney for Plaintiff Ailepata Luafau

Class Action Complaint