IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AILEPATA LUAFAU, individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>   v.<br><br>AFFILIATED COMPUTER SERVICES, INC. AND ACS EDUCATION SERVICES, INC.,<br><br>           Defendants.<br>_____/ | No. C 06-00347 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION TO VACATE THE ORDER TO STAY LITIGATION AND TO COMPEL ARBITRATION |

     Plaintiff Ailepata Luafau has filed a Motion to Vacate this Court's Order to Stay Litigation and to Compel Arbitration (Docket No. 43).  Defendants Affiliated Computer Services (ACS) and ACS Education Services oppose this motion.  Having considered all of the papers filed by the parties, the Court DENIES Plaintiff's motion.

BACKGROUND

Plaintiff began working for Defendant ACS Education Services on December 2, 2002. Defendant ACS Education Services processes student college loans and has been doing so for over twenty years. Previously it was known as Academic Financial Services Association. Its name was changed to ACS Education Services when Defendant ACS acquired it in 2002. Both Defendant ACS and its subsidiary Defendant ACS Education Services are Delaware corporations with their principal places of business in Texas.

A week after Plaintiff was hired, she signed an Acceptance of, and Agreement to, ACS' Dispute Resolution Plan. That contract provides that the Dispute Resolution Plan (DRP) will be the exclusive means for resolving any dispute or claim concerning the terms and conditions of the signatory's employment with ACS.

In January, 2006, Plaintiff, who now lives in Phoenix, Arizona, filed this action in the Northern District of California. Plaintiff seeks to recover wages, penalty wages, punitive damages, liquidated damages and civil penalties for all present and former employees of Defendants based on Defendants' failure to pay wages and provide breaks.

In a May 15, 2006, order, this Court found that, under California law, the Acceptance of, and Agreement to, ACS' Dispute Resolution Plan is enforceable. (Order Granting Defendants' Motion to Stay Litigation and to Compel Arbitration at 15.) This Court therefore ordered that proceedings in this Court be stayed pending arbitration and ordered Plaintiff to proceed with arbitration in accordance with the terms of the DRP. (Id. at 16.)

Plaintiff filed and served her arbitration claim with the American Arbitration Association (AAA) and Defendants' counsel on May 30, 2006. (Plaintiff's Exh. I.) On June 9, 2006, the parties agreed that Defendants would have until June 30, 2006, to file an answering statement. (Plaintiff's Exh. G.) On June 22, 2006, AAA faxed a letter to the parties stating that Defendants needed to pay the fee to AAA. (Plaintiff's Exh. B.) On June 30, 2006, Defendants faxed Plaintiff a copy of their answering statement and submitted the claim to Judicial Arbitration and Mediation Services (JAMS) but did not inform Plaintiff that they were filing with JAMS. (Plaintiff's Exh. H and Defendants' Exh. 4.) Shortly thereafter Defendants paid the full JAMS fee. (Defendants' Exh. 6.)

On July 17, 2006, Defendants notified AAA that they were pursuing appointment of an arbitrator pursuant to the DRP, but did not immediately inform Plaintiff of this. (Defendants' Exh. 11.) On July 18, Plaintiff's counsel via email asked Defendants why they had not paid the fee to AAA and informed them that AAA would close the case if they did not pay the fee by July 21, 2006. (Plaintiff's Exh. C.) In two reply emails, dated July 18 and 19, Defendants' counsel explained that Plaintiff had not initiated the arbitration in accordance with the DRP but that Defendants were submitting the claim as required by the DRP and would have an arbitration file open soon. (Plaintiff's Exhs. E and F.) Defendants did not specify in these emails that they had filed with JAMS. (Id.)

The portion of the DRP that sets forth the procedure to

3

initiate arbitration provides:

> 3A. A party may initiate proceedings under these Rules at any time, subject to any defenses . . . .
> 3B. Proceedings may be initiated by an Employee or Applicant by serving a written request to initiate proceedings on the Company's Dispute Resolution Plan Administrator.  The Company will promptly forward any properly served request it has received to AAA or JAMS.

The portion of the DRP that provides for waiver of procedures provides: "Any party who fails to object in writing, after knowledge that any provision or requirements of these procedures and Rules have not been complied with, shall be deemed to have waived the right to object."  DRP § 22.

## LEGAL STANDARD

The Federal Arbitration Act (FAA) provides that if any suit or proceeding is brought in a court of the United States upon any issue referable to arbitration under a written agreement to arbitrate, the court in which that suit is pending shall stay the trial of the action until such arbitration has been had, provided that the applicant for the stay is not in default in proceeding with such arbitration.  9 U.S.C. § 3.  A district court is permitted to vacate a stay under 9 U.S.C. § 3 when a party defaults in proceeding with arbitration following the stay of the district court litigation. Sink v. Aden Enterprises, Inc., 352 F.3d 1197, 1199 (9th Cir. 2003).  The FAA establishes that any doubts concerning the scope of arbitrable issues, including allegations of waiver, delay or like defenses, should be resolved in favor of arbitration. Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24-25 (1983).  Whether a party is in default in proceeding with arbitration is a question of fact to be decided by

4

1  the district court.  Sink, 352 F.3d at 1199.

## DISCUSSION

Plaintiff argues that Defendants are in default because, after Plaintiff filed a claim with AAA, Defendants did not pay the filing fee to AAA, causing AAA to close the proceeding.  However, Plaintiff's filing with AAA was not in accordance with the DRP.  The DRP requires that an employee initiate arbitration by submitting the claim to Defendants' DRP Administrator.  Therefore, Defendants were under no obligation to participate in the AAA arbitration, and thus are not in default.

Plaintiff misinterprets the portion of the DRP that describes when and how arbitration proceedings are to be initiated.  Section 3A of the DRP describes when it is permissible to initiate an arbitration.  Thus, it provides the time frame, rather than the procedure, for initiating arbitration.

Section 3B of the DRP describes how an arbitration is to be initiated.  This section provides only one procedure for an employee to follow to initiate arbitration, which is to serve a written request to initiate arbitration on Defendants' DRP Administrator.  The fact that no other procedure is specified means that no other procedure is permissible.  Therefore, the only way for an employee to comply with this provision is to serve a request to initiate arbitration on the DRP Administrator.

Plaintiff argues that initiation of arbitration by serving the DRP Administrator is permissive because Section 3B uses the word "may."  The word "may" is permissive in this sentence in that it provides the employee with the option to initiate arbitration.

Once an employee has chosen to initiate arbitration, however, the only procedure for doing so under the DRP is to serve a request on Defendants' DRP Administrator. Because she failed to serve her request on the DRP Administrator, Plaintiff did not comply with the DRP.

On the other hand, Defendants initiated arbitration proceedings in compliance with the DRP and this Court's order. Defendants initiated proceedings by forwarding the claim to their DRP Administrator. This procedure is specifically described in the DRP as the way in which a claim will be submitted to arbitration. Additionally, the DRP provides that a "party" may initiate proceedings at any time. Therefore, the DRP contemplates that Defendants themselves, as well as Plaintiff, are permitted to initiate proceedings.

Plaintiff next argues that, under California law and the DRP, Defendants waived their right to object to Plaintiff's improper filing with AAA by failing to object immediately to the filing. Plaintiff relies on Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1559 (9th Cir. 1991) for the proposition that, in California, a party that acts in a manner inconsistent with the right to arbitrate waives that right.

However, Defendants objected in writing on July 18 and 19 in emails to Plaintiff's counsel, as required by the DRP. Although Defendants waited several weeks to make this written objection to the AAA filing, the DRP does not provide a time period in which a party must object before an objection is deemed waived. Therefore, in light of the strong federal policy favoring arbitration, Moses

6

H. Cone Memorial Hosp., 460 U.S. at 24-25, the Court finds that Defendants did not waive their right to object to Plaintiff's filing with AAA.

Relying on Sink, 352 F.3d at 1199, Plaintiff further argues that once a defendant has refused to pay arbitration fees and thereby causes the arbitration to be closed, it may not pursue another arbitration. In Sink, however, no arbitration proceeding was pending when the plaintiff moved for an order vacating the stay of litigation. Id. Additionally, the defendant in that case agreed to pay arbitration fees to a specific arbitrator but failed to do so before the due date, causing the only pending arbitration proceeding to close. Id.

In contrast, Defendants did pay the JAMS fee as required by the DRP, including Plaintiff's portion of the fee. Rather than allowing the only pending arbitration to close, Defendants initiated an arbitration proceeding and simultaneously filed their answering statement. Defendants thereby ensured that the parties could, and still can, pursue arbitration. Therefore, Sink is distinguishable.

Plaintiff argues in her reply that Defendants submitted the claim unlawfully and in violation of the DRP because they, rather than Plaintiff, submitted the claim to JAMS. However, the DRP provides that the DRP Administrator, not the employee, will submit an employee's claim to an arbitrator, after receiving a request to initiate proceedings.

Finally, Plaintiff argues in her reply that Defendants have no reason for filing with JAMS rather than proceeding with AAA.

However, Defendants are not obliged to provide a reason for their choice of arbitrator. The DRP permits Defendants' DRP Administrator to file with either AAA or JAMS.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Vacate the Order to Stay Litigation and Compel Arbitration (Docket No. 43) is DENIED. Plaintiff is ordered to proceed with arbitration with JAMS, as initiated by Defendants. This case shall remain stayed, pending arbitration. Arbitration shall proceed expeditiously. A case management conference will be held on October 27, 2006, at 1:30 pm. If the arbitrator's award is made before the case management conference, the parties shall notify the Court.

IT IS SO ORDERED.

Dated:   9/12/06

CLAUDIA WILKEN
United States District Judge

8